T.C. Memo. 1997-267


UNITED STATES TAX COURT


JAMES C. AND JANE A. WETZEL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20871-95.                    Filed June 12, 1997.


Donald J. O'Connor, for petitioners.

Marc A. Shapiro, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


POWELL, Special Trial Judge:  This case was assigned
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]

---

[1]    All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1992 in the amount of $315. Petitioners resided in Hinckley, Ohio, at the time they filed their petition.

The issue is whether petitioners are entitled to offset against a deficiency in income tax an overpayment that was previously applied to a different liability.

## FINDINGS OF FACT

The facts are not disputed and may be summarized as follows. Petitioners filed a 1992 joint Federal income tax return indicating that they were entitled to a refund in the amount of $475 (the $475 overpayment). Respondent applied the $475 overpayment against an outstanding liability determined under section 6672 pursuant to the authority granted in section 6402(a).[2] Subsequently, respondent determined a deficiency in petitioners' 1992 Federal income tax in the amount of $315. The parties agree that petitioners are entitled to a credit of $150 for income tax withheld to be offset against the deficiency. Petitioners do not otherwise dispute the deficiency determination. Thus, disregarding the propriety of the treatment of the $475 overpayment, the parties agree that petitioners

_____

[2] As relevant here, sec. 6402(a) provides: "In the case of any overpayment, the Secretary * * * may credit the amount of such overpayment * * * against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall * * * refund any balance to such person."

underpaid their 1992 Federal income tax by $165.  Respondent contends that this is the end of the matter.  Petitioners assert that they are entitled to offset the $475 overpayment against this liability and are therefore entitled to a refund in the amount of $310.

## OPINION

At the outset, we note that respondent had the authority to apply petitioners' overpayment against any outstanding tax liability they owed, and that such an application does not preclude respondent from subsequently determining a deficiency with respect to the taxable year of the overpayment.  Sec. 6402(a); Terry v. Commissioner, 91 T.C. 85 (1988); Jarrett v. Commissioner, T.C. Memo. 1992-181.  We do not understand petitioners to contend otherwise.

As we understand it, petitioners assert that they are entitled to credit the $475 overpayment against their 1992 tax deficiency and receive a refund of the excess.  However, petitioners have already received a $475 refund in the form of a reduction of the outstanding section 6672 liability.  Consequently, the application of the $475 overpayment to petitioners' 1992 tax deficiency that petitioners seek would amount to a double refund, to which petitioners are obviously not entitled.  Jarrett v. Commissioner, supra.

In addition, petitioners have not shown that the $475 overpayment exceeded the section 6672 liability. Thus, to the extent petitioners may contend that they are entitled to some

portion of the $475 overpayment because section 6402 was not applied correctly by respondent, they have not met their burden of proof.  Rule 142(a).

<u>Decision will be entered</u>

<u>for respondent</u>.
